UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

WISCONSIN SHEET METAL WORKERS
HEALTH AND BENEFIT FUND, WISCONSIN
SHEET METAL WORKERS 401(k) PROFIT
SHARING PLAN, MILWAUKEE AREA
SHEET METAL JOURNEYMAN AND
APPRENTICESHIP TRAINING FUND,

                Plaintiffs,      Case No. 25-cv-1671

    v.

CS MECHANICAL, LLC,

               Defendant.

---

## COMPLAINT

In support of its claims against Defendant CS Mechanical, LLC ("CS Mechanical"), Plaintiffs Wisconsin Sheet Metal Workers Health and Benefit Fund, Wisconsin Sheet Metal Workers 401(k) Profit Sharing Plan, Milwaukee Area Sheet Metal Journeyman and Apprenticeship Training Fund (the "Funds"), by their undersigned attorneys, Reinhart Boerner Van Deuren, s.c., allege the following:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter under Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132), in that this is an action by an ERISA benefits plan fiduciary to redress Defendant's violations of the terms of the Funds' trust agreements and ERISA Section 515 (29 U.S.C. § 1145).

2. Venue is proper in this Court under Section 502(e)(2) of ERISA (29 U.S.C. § 1132(e)(2)), because the Funds are administered in this district.

## THE PARTIES

3. The Funds are ERISA benefit plans/funds and bring this action on behalf of the Trustees, participants and beneficiaries of the Funds.

4. The Funds maintain offices c/o Benesys, Inc. at 2201 Springdale Road, Waukesha, WI 53186.

5. Upon information and belief, CS Mechanical is a Wisconsin limited liability company with a principal place of business at W8374 County Road SS, Adell, WI 53001.

6. CS Mechanical is a participating employer in the Funds.

## FACTUAL BACKGROUND

7. CS Mechanical is a party to a collective bargaining agreement ("CBA") between Local Union No. 18 of the International Association of Sheet Metal, Air, Rail and Transportation Workers (the "Union") and the Sheet Metal and Air Conditioning Contractors' Association of Milwaukee, Inc. (the "CBA"). A true and correct copy of the CBA in effect during the timeframe at issue in this case is attached as **Exhibit A**.

8. As a party to the CBA, CS Mechanical agreed to participate in the Fund by making appropriate contributions for covered work performed by its employees.

9. CS Mechanical entered into a Letter of Assent (the "Letter of Assent") signed by the Treasurer of CS Mechanical on June 8, 2022. A true and correct copy of the Letter of Assent is attached hereto as **Exhibit B.**

10. By entering into the Letter of Assent, CS Mechanical adopted and assented to all the terms and provisions of the Funds' trust agreements, including all rules and regulations adopted by the Funds' Trustees, to make contributions as required by the CBA, and to report to the Funds all hours of covered work by each of its employees.

11. The Funds have adopted a Delinquency Collection Procedure (the "Procedure") that empowers the Funds under the circumstances of this case to collect, in addition to delinquent contributions, interest, liquidated damages, and costs of collection, including reasonable attorneys' fees. A true and correct copy of the Procedure is attached hereto as **Exhibit C**.

12. ERISA Section 502(g)(2) (29 U.S.C. § 1132(g)(2)) also provides that in an action to collect delinquent contributions in which the fund prevails, the Court shall award, in addition to the delinquent contributions, interest, liquidated damages, and the costs of collection, including reasonable attorneys' fees.

13. CS Mechanical has violated the Funds' trust agreements and ERISA Section 515. Specifically, CS Mechanical has not paid contributions to the Funds for the period of March 2024 through July 2025. Over the period of March 2024 to July 2025, CS Mechanical failed to pay $86,159.87 in contributions. Interest and liquidated damages also continue to accrue on the amount of outstanding contributions per the Procedure and ERISA Section 502(g)(2) (29 U.S.C. § 1132(g)(2)). Additionally, CS Mechanical failed to pay $2,522.09 in interest and $8,407.11 in liquidated damages owed for failing to make timely contributions for September 2024, October 2024, January 2025, and February 2025. A true and correct copy of the payroll audit report for May 2024 to July 2025 is attached hereto as **Exhibit D**.

14. The Funds made a demand for payment of contributions, interest, and liquidated damages via e-mail and engaged in follow-up seeking payment of those amounts. To date, CS Mechanical has failed to pay those amounts.

# COUNT I:
# VIOLATION OF ERISA SECTION 515

15. The Funds incorporate by reference the preceding allegations.

16. CS Mechanical agreed to make contributions to the Funds as required under the terms of the Funds' trust agreements.

17. CS Mechanical has not made contributions as required.

18. The Funds have notified CS Mechanical of its delinquency and demanded that CS Mechanical submit appropriate contributions.

19. CS Mechanical has ignored the Funds' efforts to obtain the contributions owed.

20. As a result, CS Mechanical is liable to the Funds for violation of ERISA Section 515 (29 U.S.C. § 1145), and the Funds are entitled to damages as set forth in ERISA Section 502(g)(2) (29 U.S.C. § 1132(g)(2)) as well as appropriate equitable relief, including, if necessary, a compelled audit to determine the sufficiency of CS Mechanical's contributions.

# COUNT II:
# BREACH OF TRUST AGREEMENT

21. The Funds incorporate by reference the preceding allegations.

22. CS Mechanical agreed to make contributions to the Funds as required under the terms of the Funds' trust agreements.

23. CS Mechanical has not made contributions as required.

24. The Funds have notified CS Mechanical of its delinquency.

25. CS Mechanical has ignored the Funds' efforts to obtain the contributions owed.

26. Pursuant to the Procedure adopted by the Funds' Trustees according to their powers under the trust agreements, the Funds may recover from CS Mechanical:

    (a) The amount of the unpaid contributions;

    (b) Liquidated damages as described in the Procedure; and

    (c) Interest on the unpaid contributions as described in the Procedure; and

    (d) All costs of recovery, including, but not limited to, attorneys' fees and costs of the action.

27. CS Mechanical also agreed to allow the Funds to audit its payroll records.

28. The Funds are entitled to specific performance in the form of a Court-ordered audit and to damages for any fees incurred in conducting such audit.

WHEREFORE, the Funds demand the following relief:

A. An Order for a Money Judgment in favor of the Funds and Against Defendant in the amount of:

    i. All unpaid contributions, including those which become due during the pendency of this lawsuit;

    ii. All interest and liquidated damages owed on those contributions;

    iii. Any payroll audit costs; and

    iv. The reasonable attorneys' fees and actual costs the Funds incur to collect Defendant's delinquent contributions;

B. An Order that Defendant comply with a payroll audit for the period of March 2024 to July 2025;

C. That the Court retain jurisdiction pending compliance with its orders; and

D. For such other, further or different relief as the Court deems just and proper.

Dated this 29th day of October, 2025.

                                               s/ Jori P. LaRosa
                                               Jori P. LaRosa
                                               WI State Bar ID No. 1126882
                                               jlarosa@reinhartlaw.com
                                               Daniel G. Murphy
                                               WI State Bar ID No. 1097740
                                               dmurphy@reinhartlaw.com

                                               Reinhart Boerner Van Deuren s.c.
                                               1000 North Water Street, Suite 1700
                                               Milwaukee, WI 53202
                                               Telephone:  414-298-1000
                                               Facsimile:  414-298-8097

                                               *Attorneys for Plaintiffs*